IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GRAHAM NICHOLS,**

        Plaintiff,

v.                                  No. CIV 13-961 JAP/SCY

**DEPUTY SCOTT MAGEE,**

        Defendant.

**MEMORANDUM OPINION AND ORDER**

On February 26, 2015, Defendants Sheriff Dan Houston, the Bernalillo County Sheriff's Department,[1] and Deputy Magee filed two Motions in Limine: (1) DEFENDANTS' MOTION IN LIMINE NO. I: EXCLUSION OF MR. NICHOLS' TESTIMONY, OR THE TESTIMONY OF MR. NICHOLS' MEDICAL PROVIDERS, REGARDING CAUSATION OF MR. NICHOLS' ALLEGED INJURY AND/OR MEDICAL CONDITION (Doc. No. 54) (Motion No. I); and (2) COUNTY DEFENDANTS' MOTION IN LIMINE NO. II: THE EXCLUSION OF EVIDENCE AT TRIAL REGARDING DEFENDANT DEPUTIES' USE OF FORCE IN PRIOR AND SUBSEQUENT, UNRELATED INCIDENTS, POLICE STANDARD OPERATING PROCEDURES, TRAINING, AND LESS INTRUSIVE ALTERNATIVES (Doc. No. 55) (Motion No. II). On April 15, 2015, Plaintiff filed separate Responses to each of the two Motions in Limine: Response to Motion No. I (Doc. No. 61) and Response to Motion No. II (Doc. No. 62). Defendants have not yet filed replies, but at the Pretrial Conference on April 23,

---

[1] The Court issued a decision on April 10, 2015, dismissing all claims against Defendants Houston and the Bernalillo County Sheriff's Department. Three claims proceed against Defendant Magee. Doc. Nos. 59, 60.

1

2015, the Court heard argument on both Motions in Limine from defense counsel, Douglas E. Gardner, and from Plaintiff's counsel, Clayton E. Crowley. After considering the pertinent law, arguments of counsel, and the briefing with exhibits, the Court will grant in part and deny in part Motion No. I and will grant Motion No. II.

    **I.      Motion in Limine No. I**

Motion in Limine No. I seeks to prevent Plaintiff from testifying about the causation of any injuries he suffered as a result of the arrest on October 20, 2011. In addition, Defendants ask the Court to preclude Plaintiff's medical providers from testifying about causation issues.

At the April 23, 2015 Pretrial Conference, Plaintiff's counsel clarified that the only causation evidence he seeks to present at trial is Plaintiff's own testimony about his injuries and the contents of medical records authored by Physician's Assistant (PA) Shawn Fronterhouse on October 26, 2011 and by Dr. Sonam P. Kundeling on August 14, 2013. Response to Motion No. I, Exhibits 1 and 2.

After reviewing both medical record exhibits at the Pretrial Conference, defense counsel stated that he did not object to testimony about either medical care provider's treatment of Plaintiff. However, defense counsel continued to object to testimony by PA Fronterhouse about Plaintiff's reported medical history. Upon review of Dr. Kundling's medical record, Defendants did not object to its contents.

The Court confirmed with defense counsel that Motion in Limine No. I did not apply to Dr. Kundeling's report but did apply to PA Fronterhouse's report. The Court concluded that Plaintiff will be allowed to describe how he felt before and after the incident on October 20, 2011. PA Fronterhouse will be permitted to testify about Plaintiff's medical history as reported on the October 26, 2011 medical records. Both PA Fronterhouse and Dr. Kundeling will be

precluded from giving expert testimony about the causation of Plaintiff's injuries. Thus, the Court will grant in part and deny in part Motion in Limine No. I.

## II. Motion in Limine No. II

Motion in Limine No. II seeks to exclude all evidence at trial regarding Deputy Magee's prior or subsequent use of force in unrelated incidents, the Sheriff's Department's Standard Operating Procedures (SOPs) regarding hearing impaired individuals, police training, and the use of less intrusive alternatives to force.

At the Pretrial Conference, Plaintiff's counsel clarified that there are no allegations that Deputy Magee used excessive force in unrelated cases. Instead, Plaintiff wants to present evidence of the current police SOPs concerning hearing impaired persons and evidence about an unrelated state court case that led to the promulgation of the current SOPs. Defendants argued that evidence of the SOPs is not relevant to the remaining claims.

After considering the parties' positions, the Court found that there was little probative value to the SOPs and that any testimony about the SOPs would tend to confuse the issues in violation of Federal Rule of Evidence 403. Thus, the Court will grant Motion in Limine No. II and will preclude any testimony at trial about the SOPs or the unrelated state court proceeding.

IT IS ORDERED that:

1) DEFENDANTS' MOTION IN LIMINE NO. I: EXCLUSION OF MR. NICHOLS' TESTIMONY, OR THE TESTIMONY OF MR. NICHOLS' MEDICAL PROVIDERS, REGARDING CAUSATION OF MR. NICHOLS' ALLEGED INJURY AND/OR MEDICAL CONDITION (Doc. No. 54) is GRANTED in part and DENIED in part; and

2) COUNTY DEFENDANTS' MOTION IN LIMINE NO. II: THE EXCLUSION OF EVIDENCE AT TRIAL REGARDING DEFENDANT DEPUTIES' USE OF FORCE IN PRIOR AND SUBSEQUENT, UNRELATED INCIDENTS, POLICE STANDARD OPERATING PROCEDURES, TRAINING, AND LESS INTRUSIVE ALTERNATIVES (Doc. No. 55) is GRANTED.

_____
SENIOR UNITED STATES DISTRICT JUDGE